# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVINO RAMOS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TRISTAN LEMON, et al.,<br><br>　　　　Respondents. | Case No. 1:23-cv-01707-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently in custody of the California Department of Corrections and Rehabilitation ("CDCR") at Pleasant Valley State Prison in Coalinga, California. He challenges a prison disciplinary hearing in which he was found guilty of possessing alcohol. He claims the charges were manufactured and that the reporting officers falsely represented that they found alcohol in Petitioner's cell. After conducting a preliminary review of the petition, the Court finds that Petitioner fails to present a *prima facie* claim for relief and will recommend the petition be DISMISSED.

## I.    PRELIMINARY REVIEW OF PETITION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The provisions of Rule 4 provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that

1

the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II.    BACKGROUND[1]

On March 2, 2022, at approximately 10:00 a.m., Officer A. Moreno was conducting random cell searches in Building 4. As Officer Moreno approached Petitioner's cell, he smelled a pungent odor coming from Petitioner's cell. He instructed the control booth officer to open the cell door. As the cell door opened, Officer Moreno smelled a stronger odor of alcohol coming from the cell. The cell was vacant at the time due to Petitioner being on the yard. As Moreno conducted the search, he discovered a clear large institutional trash bag on the floor underneath the desk seat. Moreno pulled the bag out and observed approximately 5 gallons of an orange/yellow pulpy liquid substance suspected of being inmate-manufactured alcohol. Moreno confiscated the trash bag containing the liquid substance and notified Program Sergeant T. Ramos of his findings. Sergeant Ramos verified that the liquid substance was inmate-manufactured alcohol.

On March 11, 2022, Petitioner was served with a Rules Violation Report for possession of alcohol. (Doc. 1 at 59.) On March 15, 2022, a Disciplinary Hearing was conducted. (Doc. 1 at 59.) Based upon the preponderance of evidence, Petitioner was found guilty as charged and assessed a loss of 120 days of time credits. (Doc. 1 at 66-67.) The Disciplinary Hearing was reheard on May 10, 2022, after the Chief Disciplinary Officer reviewed the hearing report and determined a due process violation had occurred. (Doc. 1 at 74.) Petitioner was again found guilty as charged based upon a preponderance of evidence and assessed a loss of 120 days of time credits. (Doc. 1 at 78-80.)

Petitioner sought administrative relief to no avail. On November 10, 2022, Petitioner

---

[1] The factual background is derived from the Rules Violation Report included with Petitioner's petition. (Doc. 1 at 54.)

1 filed a petition for writ of habeas corpus in the Fresno County Superior Court. (Doc. 1 at 21.)  On
2 February 24, 2023, the petition was denied in a reasoned decision. (Doc. 1 at 21-27.)  On April
3 11, 2023, Petitioner filed a habeas petition in the Fifth District Court of Appeal. (Doc. 1 at 28.)
4 The petition was summarily denied on April 20, 2023. (Doc. 1 at 28.)  On May 30, 2023,
5 Petitioner filed a habeas petition in the California Supreme Court. (Doc. 1 at 15.)  On September
6 13, 2023, the petition was summarily denied. (Doc. 1 at 12.)

On December 11, 2023, Petitioner filed the instant federal petition for writ of habeas corpus.   (Doc. 1.)

## III.  DISCUSSION

### A.  Legal Standard for Due Process in Prison Disciplinary Hearings

Under the Fourteenth Amendment, no state shall deprive any person of life, liberty, or property without due process of law.  Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  A prisoner in a prison disciplinary hearing is not entitled to the full array of due process rights that a defendant possesses in a criminal prosecution.  Id. at 556.  However, a prisoner who is accused of serious rules violations and who may be deprived of his or her good-time credits is entitled to certain minimum procedural protections.  Id. at 571-71 n. 9.  Nevertheless, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

The process due in such a prison disciplinary hearing includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; and (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.  Wolff, 418 U.S. at 564, 566, 570.

In addition, a decision to revoke an inmate's good-time credit does not comport with minimum procedural due process requirements unless its underlying findings are supported by

1   "some evidence." Hill, 472 U.S. at 454.  In reviewing a decision for "some evidence," courts
2   "are not required to conduct an examination of the entire record, independently assess witness
3   credibility, or weigh the evidence, but only determine whether the prison disciplinary board's
4   decision to revoke good time credits has some factual basis." Id. at 455-56.  The Ninth Circuit
5   has further held that there must be "some indicia of reliability of the information that forms the
6   basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)
7   (uncorroborated hearsay statement of confidential informant with no firsthand knowledge is not
8   enough evidence to meet Hill standard.)

9       **B.**    **Review of Claims**

10   Petitioner does not contend that his procedural due process rights were violated, and upon
11   review of the Rules Violation Report, it is clear all due process requirements were met.
12   Petitioner received written notice of the charges when he was served with the Rules Violation
13   Report. (Doc. 1 at 74.)  There was a sufficient period of time from the date Petitioner was served
14   with the Rules Violation Report to the date of the hearing--April 14, 2022, to May 10, 2022--to
15   prepare for his defense. (Doc. 1 at 74.)  Petitioner was issued a written copy of the disciplinary
16   hearing report which contained the evidence relied on and the reasons for the disciplinary action.
17   (Doc. 1 at 74-84.)  Finally, Petitioner was permitted and did in fact ask questions of witnesses.
18   (Doc. 1 at 77-78.)

19   Petitioner contends that the evidence was insufficient to find him guilty.  He contends the
20   charges were fabricated by the reporting officers.  In reviewing the claim, the state court
21   determined that "some evidence" supported the guilty finding. (Doc. 1 at 24-25.)  Per
22   Superintendent v. Hill, 472 U.S. at 454, the state court applied the correct standard of "some
23   evidence."   The only question for this Court is whether that determination was unreasonable.
24   A review of the record reveals that the state court's determination was not unreasonable.
25   The senior hearing officer considered the reports of Officer A. Moreno and Sergeant T. Ramos.
26   According to the reports, Officer Moreno found a bag of pungent liquid substance in Petitioner's
27   cell.  The liquid substance was verified by Sergeant Ramos as inmate-manufactured alcohol.
28   Officer Moreno and Sergeant Ramos were present at the disciplinary hearing.  The senior

hearing officer questioned Moreno at the hearing and Moreno confirmed that he discovered alcohol in Petitioner's cell.  This constitutes at least "some evidence" to support the guilty finding.

      Petitioner attempts to show that Officer Moreno and Sergeant Ramos fabricated the event by claiming he was actually in his cell during the time of the search, whereas the report stated Petitioner was out of the cell.  Petitioner attempts to prove this point by claiming there were inconsistencies in the various reports and statements.  He notes that Officer Moreno stated that Petitioner's cell was vacant due to Petitioner being on the recreational yard. (Doc. 1 at 7.)  He then points to the Investigative Employee's statement: "It should be noted [Petitioner] was confined to his quarters on the day of the incident but given out of cell time as the search was being conducted.  [Petitioner] was released from being confined to quarters on March 8, 2022, and had ample time to mount a defense in his RVR."  (Doc. 1 at 7, 61.)  Petitioner contends that this shows Moreno lied in stating he was not in his cell.  There is no support for this argument as there is no inconsistency.  In fact, the statement contradicts Petitioner's contention as both Moreno and the Investigative Employee stated that Petitioner was confined to quarters on the day of the incident, March 2, 2022, but he was out of his cell while the search was conducted. The Investigative Employee stated he was released from confinement to quarters on March 8, 2022, but this has no relevance to the actual search that took place six days prior.  The claim is without merit.

      Petitioner also undermines his argument by acknowledging that the records show he was in his assigned quarters *until he was ordered to exit his cell due to a mass cell search*. (Doc. 1 at 19) (emphasis added.)  In fact, in his state habeas petition, Petitioner completely contradicts his claim: "Petitioner contends that the records will prove and show that ISU conducted a Mass Search via Daily Activity Report (D.A.R.) on Bravo Facility in Four Building on March 2, 2022, at 8:45-9:00 am and that all inmates housed in Four Block were ordered by the control booth officer to exist [sic] there [sic] cell by sections A, B & C." (Doc. 1 at 40.)  Thus, the claim is clearly frivolous.

      Petitioner also contends that his due process rights were violated in the manner his

5

administrative appeals were processed. As noted above, Petitioner's minimal due process rights were satisfied. The Constitution does not provide additional due process protections for the manner administrative appeals are conducted. He also contends that his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was given a false charge for possession of alcohol. The claim lacks merit since there is no evidence that the charge was false, but substantial evidence supporting Petitioner's guilt.

For the foregoing reasons, the Court concludes that Petitioner fails to state a *prima facie* claim that any of his due process guarantees were violated. Wolff, 418 U.S. at 554, 556, 570. The petition should be dismissed.

## IV.     ORDER

IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a district judge to the case.

## V.     RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED for failure to state a *prima facie* claim for relief.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 18, 2023**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE