UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVINO RAMOS,<br><br>               Petitioner,<br><br>      v.<br><br>TRISTAN LEMON, et al.,<br><br>               Respondents. | No. 1:23-cv-01707-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 5 |

     Petitioner Gavino Ramos is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner asserts that his procedural due process rights were not satisfied at the disciplinary hearing which resulted in a revocation of his good-time credits.  Doc. 1 at 7–8.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On December 19, 2023, the assigned magistrate judge issued findings and recommendations to dismiss the petition for failure to state a prima facie claim for relief.  Doc. 5.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  On December 29,

1

1 | 2023, petitioner filed objections to the findings and recommendations. Doc. 7.

2 | In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
3 | novo review of the case. Having carefully reviewed the file, including petitioner's objections, the
4 | Court concludes that the findings and recommendations are supported by the record and proper
5 | analysis.

6 | Petitioner contends that his procedural due process rights were not honored, and he
7 | previously litigated this claim in state court. A prisoner charged with a serious rule violation is
8 | entitled to certain minimum procedural protections before he may be deprived of good-time
9 | credits: (1) written notification of the charges; (2) at least a brief period of time after the notice to
10 | prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and
11 | reasons for the disciplinary action; and (4) the ability to call witnesses and present documentary
12 | evidence in his defense when permitting him to do so will not be unduly hazardous to institutional
13 | safety or correctional goals. *Wolff v. McDonnell,* 418 U.S. 539, 556, 564–66, 570 (1974). A
14 | petitioner seeking federal habeas relief after a state court has adjudicated his claim on the merits
15 | must show that the state court's decision was "contrary to, or involved an unreasonable
16 | application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*,
17 | 562 U.S. 86, 98 (2011) (explaining that § 2254(d) "bars relitigation of any claim adjudicated on
18 | the merits in state court," unless a petitioner shows that the state court's decision was
19 | unreasonable). As the magistrate judge explained, *Wolff*'s requirements were satisfied here, and
20 | the state court's same conclusion was reasonable. Doc. 5 at 4–6.

21 | In his objections, petitioner raises two issues. First, he points out that his petition asserts
22 | that his due process rights were violated because he was not allowed to ask correctional officers
23 | A. Moreno and T. Ramos whether he was in his cell when they discovered the alcohol which
24 | resulted in his loss of good time credits. Doc. 7 at 1. However, as the state court noted, the
25 | disciplinary hearing results show that both officers were present and answered all questions that
26 | the hearing officer deemed relevant. Doc. 1 at 24. Petitioner alleges (but does not provide
27 | evidence) that the hearing official deemed his question about whether he was in his cell
28 | irrelevant. Doc. 7 at 1. "While prisoners facing disciplinary proceedings generally have a due

1  process right to provide evidence [and question witnesses], prison officials need not allow a
2  prisoner to present evidence that is irrelevant, unnecessary, or hazardous to institutional safety or
3  correctional goals." *Cohea v. Cate*, No. 07-CV-2013-JAH (JMA), 2010 WL 11614555, at *6
4  (C.D. Cal. Feb. 5, 2010) (citing *Wolff,* 418 U.S. at 566). Here, as the state court pointed out, the
5  hearing official had already reviewed both officers' reports which stated that petitioner was not in
6  his cell, so it was not necessary to allow petitioner to ask them that question again. *See* Doc. 1 at
7  24. As the magistrate judge noted, petitioner has also confirmed that he was ordered to exit his
8  cell due to a mass cell search, acknowledging that he was not in his cell when the search was
9  carried out. *See* Doc. 5 at 5. As there was no ground to impeach the correctional officers' reports
10 on this point, it was not a due process violation for the hearing official to decline to allow the
11 question to be asked.

12 　　　　To state a claim, the petitioner would have to show that the state court's decision
13 "involved an unreasonable application of[] clearly established Federal law." 28 U.S.C.
14 § 2254(d)(1); *Harrington*, 562 U.S. at 102–103 (holding that a federal court may "issue the writ
15 [only] in cases where there is no possibility fairminded jurists could []agree [with] the state
16 court's decision"). Petitioner cannot do so because the state court's decision was reasonable.

17 　　　　Second, petitioner argues that the prison did not allow him to present a "Bravo 4
18 Quarantine Memo" at the hearing. *See* Doc. 7 at 2. However, as the state court noted, "petitioner
19 did not request that [the hearing officer] review these log books or reports." Doc. 1 at 24.
20 Indeed, the disciplinary hearing results attached to petitioner's petition show that he asked a
21 variety of questions but does not mention any attempt to introduce the Bravo 4 Quarantine Memo
22 into evidence. Doc. 1 at 62–63, 77–79. Petitioner does not explain how the state court's
23 determination was unreasonable or incorrect, and his proffered exhibits refute his own arguments.
24 As such, petitioner failed to state a claim, and his objections do not warrant a different result than
25 that recommended by the magistrate judge.

26 　　　　In addition, the Court declines to issue a certificate of appealability. A state prisoner
27 seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of
28 his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537

3

U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

///

4

Accordingly,

1. The findings and recommendations issued on December 19, 2023, Doc. 5, are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   January 19, 2025

_____
UNITED STATES DISTRICT JUDGE

5